# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK FLETCHER,**

      **Plaintiff,**

**-vs-**              **Case No. 6:10-cv-533-Orl-31GJK**

**THOMAS & BETTS CORPORATION,**

      **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Mark Fletcher ("Plaintiff"), Motion to Remand and for Attorneys' Fees (the "Motion") (Doc. 8), and Defendant's, Thomas & Betts Corporation ("Defendant"), amended response in opposition thereto (the "Response") (Doc. 23).

**I. Overview**

Plaintiff originally filed suit in state court alleging that his employment was unlawfully terminated in violation of the Florida Civil Rights Act (the "FCRA").[1] Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant timely removed the case to this Court on April 7, 2010. (Doc. 1). According to the Complaint, Plaintiff seeks, *inter alia*, reinstatement, front pay, back pay, lost benefits, compensatory damages and attorneys' fees (Doc. 2 ¶ 19(b)).

In his Motion, Plaintiff contends that removal was improper because the amount in controversy failed to exceed $75,000. Plaintiff therefore claims that he is entitled to attorneys'

---

[1]*See* FLA. STAT. § 760.01 *et seq.*

fees incurred in moving to remand. (Doc. 8 at 2). Plaintiff does not raise any procedural arguments related to Defendants' removal and the time for doing so has now passed. 28 U.S.C. § 1447(c). Finally, Plaintiff concedes that there is diversity of citizenship between the parties. (Doc. 8 at 1).

The Court addresses the amount in controversy and Plaintiff's request for attorneys' fees, *infra*.

## II. Standard of Review

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor*

*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See*, *e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)). The amount in controversy is assessed at the time of removal. *See, e.g.*, *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000. *See*, *e.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Such evidence may include settlement offers. *Lowery*, 483 F.3d at 1212; *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001). District courts may also consider post-removal evidence, such as answers to interrogatories, in assessing the amount in controversy at the time of removal. *See*, *e.g.*, *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (citing *Harmon v. OKI Sys.*, 115 F.3d 477 (7th Cir. 1997) (relying on post-removal answers to interrogatories to determine whether removal was proper)).

### III. Analysis

#### A. Amount In Controversy

On May 12, 2010, the Court directed Plaintiff to answer certain interrogatories regarding the amount in controversy. (Doc. 24). In his answers, Plaintiff denied that his total damages

claimed at the time of removal exceeded $75,000. (Doc. 26 at 2). More specifically, Plaintiff swore that his damages for back pay were $16,470. (Doc. 26 at 3).[2] With respect to lost benefits, including "401k Match Benefit" and health insurance, Plaintiff estimated his damages to be approximately $2,610. (Doc. 26 at 3). Regarding attorneys' fees and costs, Plaintiff swore that he had incurred approximately $6,000 in attorneys' fees prior to removal and that future attorneys' fees through the conclusion of trial would amount to approximately $15,000 or $20,000. (Doc. 26 at 2). Finally, Plaintiff swore that he obtained new employment on September 5, 2008 and that subsequent to that date he has been paid an hourly wage of $13.50 per hour (Plaintiff's hourly wage while working for Defendant was also $13.50). (Doc. 26 at 3).

For its part, Defendant's human resource manager, Kathleen King, declared that Plaintiff's employment was terminated on November 14, 2007 and that Plaintiff's regular rate of pay while in Defendant's employ was "$13.50 per hour for the first forty (40) hours worked each week." (Doc. 23-1, ¶ 5). King did not provide any estimate of the value of any employee benefits that Defendant provided to Plaintiff. (Doc. 23-1 at 3). Other than King's declaration, Defendant has not offered any evidence regarding the amount of controversy.

Upon review, this case must be remanded. The only evidence before the Court regarding the amount in controversy concerns Plaintiff's damages for back pay (at most, $23,000),[3] lost

---

[2]Notwithstanding his demands for reinstatement and front pay in the Complaint, Plaintiff appears to have abandoned any claims for such relief and did not include these categories of damages in his answers to the Court's Interrogatories. (Doc. 26 at 2). Furthermore, Plaintiff swore in this answers that his damages for mental anguish and punitive damages were "undetermined." (Doc. 26 at 2).

[3]There were 42 weeks (or 1680 hours) between the time that Plaintiff was terminated on November 14, 2007 and when Plaintiff accepted new employment on September 5, 2008. Accordingly, Plaintiff's claim for back pay – exclusive of any overtime – would amount to $22,680.

employee benefits ($2,610) and attorneys' fees ($26,000). These damages amount to no more than $51,610. In the absence of any other evidence, Defendant has failed to carry its burden of satisfying the amount in controversy.

**B. Attorneys' Fees**

Upon review, Plaintiff's request for attorneys will be denied. On the face of the Complaint, Defendant had no way of knowing that, as of September 5, 2008, Plaintiff had accepted new employment and thereby mitigated his damages for back pay. Furthermore, Defendant could not have known that Plaintiff would abandon his claims for reinstatement, front pay and other categories of damages that appeared in the Complaint.[4] On the contrary, based on the numerous categories of damages in the Complaint, Defendant had an objectively reasonable basis to remove. An award of fees would therefore be improper. *See*, *e.g.*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

---

[4]In passing, there may be some question as to whether the Complaint complied with Florida Rule of Judicial Administration 2.515(a). Given Plaintiff's failure to disclose his new employment in the Complaint, and his decision to abandon any claims for reinstatement and front pay in his answers to the Court Interrogatories (which Plaintiff filed approximately two months after he brought suit and demanded reinstatement and front pay), it is not entirely clear that there was "good ground," FLA. R. JUD. ADMIN. 2.515(a), to support certain allegations in the Complaint. In any event, Defendant had every right to take the Complaint at face value and, assuming there was a good faith basis for each category of damages contained therein, was reasonably led to believe that Plaintiff's damages could exceed $75,000.

**III. Conclusion**

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Remand and for Attorneys' Fees (Doc. 8) is **GRANTED** in part and **DENIED** in part.

This case is hereby **REMANDED**, with each party to bear their own fees and costs, to the Seventh Judicial Circuit Court, in and for Volusia County, Florida. The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE